IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**Chief Judge Moore**
**Magistrate Judge Becerra**

CAROL N. MAZZARIOL,
individually and on behalf of others all **CLASS ACTION**
similarly situated,

      Plaintiff,        CASE NO.: 4:19-cv-10015-KMM

v.

MEDSPA DEL MAR, LLC,
a Florida Limited Liability Company,

      Defendant.
_____/

**DEFENDANT'S, MEDSPA DEL MAR, LLC, MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant, MEDSPA DEL MAR, LLC, by and through its undersigned attorneys, pursuant to Rule 12(b)(3), Fed. R. Civ. P. and 28 U.S.C. §§ 1404(a) and 1406(a), and files this Motion to Dismiss Plaintiff's, CAROL N. MAZZARIOL, Class Action Complaint ("Complaint") for Improper Venue, or, in the alternative, Motion To Transfer with incorporated Memorandum of Law.

**INTRODUCTION**

Plaintiff has brought a two-count Complaint seeking class certification for alleged violations of the Telephone Consumer Protection Act (the "TCPA") against Defendant, MedSpa Del Mar, LLC. Defendant is in the medical spa business providing medically supervised clinical treatments, aesthetic formulations and services out of an office located at 898 5th Avenue in Naples, Collier County, Florida. According to the Plaintiff's Complaint, Plaintiff, Carol N. Mazzariol, is a natural person, who at all times relevant to this action, was a resident of Monroe

County, Florida. Defendant is a Florida limited liability company whose principal office and place of business is located in Naples, Collier County, Florida. Plaintiff alleges in her Complaint that venue is proper in the U.S. District Court of the Southern District of Florida pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Plaintiff further claims that Defendant's alleged tortious conduct against Plaintiff occurred within the State of Florida and that, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of the Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida. Defendant denies these claims and contends that venue is improper and therefore this case should be dismissed, or, in the alternative, that the proper venue should be in the U.S. District Court of the Middle District of Florida and that this case should be transferred to the Middle District, Fort Myers division.

### ARGUMENT

**THE COURT SHOULD DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

Pursuant to Rule 12(b)(3), Fed. R. Civ. P., Defendant objects to venue in this matter and moves to dismiss or, in the alternative, transfer venue to the U.S. District Court for the Middle District of Florida. When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of showing that her venue selection is proper. *See Delong Equip. Co. v. Wash. Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir. 1988); *see also Wai v. Rainbow Holdings*, 215 F.

Supp. 2d 1261, 1268 (S.D. Fla. 2004). The court may also consider facts outside the complaint to determine whether venue is proper. *See id.*

Generally, venue in federal civil actions is governed by 28 U.S.C. § 1391. Pursuant to § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is not district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *TMJ Practice Mgmt. Assocs., Inc. v. Curran,* 2017 WL 3130421, at *3 (S.D. Fla. July 24, 2017). If venue is improper, the district court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C § 1406(a).

Defendant is a Florida limited liability company whose principal place of business is in Naples, Collier County, Florida. Defendant's sole office for purposes of conducting business consists of the medical spa located at 898 5th Avenue in Naples. It does not own or operate any other medical spas. Pursuant to 28 U.S.C. § 1391 this action should have been brought in the judicial district in which the Defendant resides.

According to 28 U.S.C. § 1391, residency for all venue purposes for a corporate entity like Defendant "… shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," which would be the U.S. District Court of the Middle District of Florida, which has jurisdiction over matters and serves Naples and Collier County through the Fort Myers Division.

The basis for Plaintiff's TCPA action against Defendant is several text messages that were allegedly sent to Plaintiff's cellular phone on or about December 5, 2018, a copy of which is incorporated into Plaintiff's Complaint at Page 6, Par. 23. Those messages were allegedly sent from the Naples medical spa location and concern appointments, sales on services and products related to the Naples business. Pursuant to 28 U.S.C. § 1391(b)(2), "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated …".

The judicial district in which a substantial part of the events or omissions giving rise to the claim occurred would be the Middle Judicial District, not the Southern Judicial District, since all of the texts that are the basis for Plaintiff's TCPA claim were sent from the Naples, Collier County medical spa location. Plaintiff claims that the texts were received within the Southern Judicial District, however, the electronic transmission of same would have occurred in Naples. It should also be mentioned at this point that it is Defendant's contention that Plaintiff actually is the one who first contacted the Plaintiff, not the other way around. Plaintiff contacted Defendant's medical spa location in Naples, Florida for services to be performed at that location, not Key West or Monroe County, where Defendant does not have an office, perform services or conduct business.

Additionally, although it does not appear that the Southern District has a similar Local Rule, the Middle District Local Rule 1.02(c) states that "All civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." According to Local Rule 1.02(b)(5), the Fort Myers Division

includes Collier County. Local Rule 1.02(e) also states "The court may, within its discretion, or upon good cause shown by any interested party, order that any case, civil or criminal, be transferred from one Division to any other division for trial, or from one place of holding court to another place of holding court in the same Division."

Further, this Court should transfer this action to the U.S. District Court for the Middle District of Florida for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C § 1404(a). Likewise, 28 U.S.C., § 1406(a) also provides that the district court shall dismiss a case laying venue in the wrong division or district or transfer the case to any district or division in which it could have been brought.

In *Pawlik v. Amerilife Group, LLC,* 2014 WL 793080 (S.D. Fla. 2014), the court granted a motion to transfer venue from the Southern District of Florida to the Middle District of Florida where "Defendant's principal place of business is located there, substantially all of the witnesses reside there, Plaintiff maintains a business there, and Defendant's actions substantially occurred there." *Pawlik*, at *3. The court held that the plaintiff failed to establish that the Southern District of Florida was a proper venue where the allegations relating to the Southern district were "vague and do not fulfill the venue statute's requirement that a substantial part of the events or omissions giving rise to the claim must have occurred in the Southern District of Florida." *Id.* at *8.

The appropriate venue for this action should be in the Middle District of Florida because the Defendant's principal place of business is located there, a substantial part of the events occurred there, the alleged texts were made from there, the substance of the alleged texts relate to services to be performed or products to be purchased there, any pertinent documents are located

5

there, the computer(s) are located there, and substantially all of the witnesses reside and/or work there.  The affidavit of Defendant's principal, Denise Morris, is attached hereto as Exhibit "A", in support of this motion.  The Middle District of Florida has a substantial connection to this claim, not the Southern District of Florida whose only connection is, according to the Complaint, where the Plaintiff resided and may have first received the alleged texts via her cellphone.  Plaintiff's allegations fail to demonstrate any substantial relationship with this District.

When a Motion to Transfer Venue is filed, the court must engage in a two-part process to determine if it should be granted.  *Precision Fitness Equip., Inc. v. Nautilus, Inc.,* 2008 WL 2262052, at *1 (S.D. Fla. May 30, 2008).   First, the court must determine if the action could have originally been brought in the venue where transfer is sought.  It has certainly been well established that this action could have been brought in the Middle District.  Second, the court must evaluate both the convenience of the parties including 'relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; … and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Maintaining this action in the Southern District, Key West Division, is only convenient to perhaps the Plaintiff and her attorneys.  Other than that, mostly all of the witnesses and evidence is located in or around Collier County.  To require witnesses to travel to Key West for trial is impractical, burdensome, expensive and would create an unnecessary hardship on the Defendant and its witnesses.  Defendant's ability to properly defend this case would be severely prejudiced should it be required to litigate and try this case in this District.  The Court should also consider the fact that Plaintiff attempts to certify a class for which, in the unlikely event actually proves

successful, this District would unquestionably not be a convenient forum for the other class members, which according to Plaintiff's own allegations, amount to "several thousand individuals throughout the United States". (Page 8, ¶37).

WHEREFORE, Defendant, MedSpa Del Mar, LLC, requests this Court dismiss this case, or, in the alternative, transfer this case to the U.S. District Court Middle District of Florida, Fort Myers Division, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic filing or by first class United States Mail to: Scott Adam Edelsberg, Edelsberg Law PA, 19495 Biscayne Blvd, #607, Aventura, FL 33180, scott@edelsberglaw.com and Andrew John Shamis, 14 NE 1st Avenue, Suite 1205, Miami, FL 33131, ashamis@sflinjuryattorneys.com, in the above styled case this 29th day of March, 2019.

/s/Stephen B. Sambol
STEPHEN B. SAMBOL, ESQUIRE
Florida Bar Number 603945
DAVID M. LANDIS, ESQUIRE
Florida Bar Number 193094
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
P.O. Box 2854
Orlando, Florida  32802-2854
Primary: dlandis@mateerharbert.com
Primary: ssambol@mateerharbert.com
Secondary: vbernal@mateerharbert.com
*Attorneys for Defendant,*
MEDSPA DEL MAR, LLC

4834-7994-2799, v. 1

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CAROL N. MAZZARIOL, individually
And on behalf of all others similarly situated,

        Plaintiff,

vs.

Case No. 4:19-CV-10015-KMM

MEDSPA DEL MAR, LLC,
A Florida Limited Liability Company,

        Defendant.
_____/

**AFFIDAVIT OF DENISE MORRIS IN SUPPORT OF DEFENDANT MEDSPA DEL MAR, LLC'S MOTION TO TRANSFER VENUE TO THE <u>MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION</u>**

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared Denise Morris who, being first duly sworn, deposes and states as follows:

1. I am over the age of 18 and have personal knowledge of all matters stated in this affidavit.

2. I am the owner and Manager of Medspa Del Mar, LLC.

3. Medspa Del Mar, LLC is a medical spa providing medically supervised clinical treatments, aesthetic formulations and services and employs aesthetic medical professionals.

4. Medspa Del Mar, LLC is located at 898 5th Avenue South # 204 in Naples, Collier County, Florida. I also reside in Naples, Collier County, Florida.

5. In addition to myself, the following people reside in Naples and may be witnesses in this matter:

a. Rick J. Morris, a Manager of Medspa Del Mar, LLC, who resides in Naples and may have knowledge regarding the business practices of Medspa Del Mar, LLC and the text messages at issue in this lawsuit.

b. Katherine Carvallo, Medical Spa Manager at Medspa Del Mar, LLC, who resides in Naples and may have knowledge regarding the text messages at issue in this lawsuit.

c. Medspa Del Mar, LLC employees, all of whom reside in or around the Naples, Collier County, Florida area, and may have knowledge regarding the text messages at issue in this lawsuit.

6. Medspa Del Mar, LLC will be required to coordinate issues related to this lawsuit with the potential witnesses listed above in Naples.

7. Counsel for Medspa Del Mar, LLC is located in Orlando, Florida, in the Middle District of Florida.

8. Medspa Del Mar's staff is located in Naples, Collier County, Florida.

9. All documents in the possession of Medspa Del Mar, LLC relating to this cause of action are located in Naples.

10. Medspa Del Mar operated exclusively out of Naples, Collier County, Florida during the time period involved in this lawsuit and continues to operate exclusively out of Naples, Collier County, Florida.

11. As explained by the foregoing, defending this lawsuit in Key West will pose a significant inconvenience and hardship on the management, employees, and witnesses of Medspa Del Mar, LLC.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Denise Morris

STATE OF FLORIDA    )
COUNTY OF Collier   )

The foregoing instrument was acknowledged before on March 27, 2019 by Denise Morris. She is ☐ personally known to me or ☒ produced FL- DL _____ (type of identification) as identification.

(Affix Notarial Seal)

DIEGO F WANDERLEY
Notary Public - State of Florida
Commission # GG 289292
My Comm. Expires Jan 7, 2023

_____
Notary Public - State of Florida
Printed Name: Diego Wanderly
Commission No.: #GG 289292
My Commission Expires: Jan 7, 2023

4828-8638-8879, v. 1

3